IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOWARD HUDSON & SARAH STRINGER, ) ) ) Plaintiffs, ) ) vs. ) ) DIANE MCGOWAN and ALFA ) INSURANCE CO., et al., ) ) Defendants. ) | CIVIL ACTION NO. 3:10cv56-WHA (wo) |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Plaintiffs' Dismissal of ALFA Insurance Company ("ALFA") (Doc. #6) and the Plaintiffs' First Motion to Remand (Doc. #10).

The Plaintiffs originally filed their case in the Circuit Court of Macon County, Alabama on December 29, 2009. The Plaintiffs are citizens of Alabama, Defendant Diane McGowan is a citizen of Georgia, and the underinsured motorist carrier, ALFA, is a citizen of Alabama.

The Plaintiffs bring claims arising out of an automobile accident. They do not claim a specific amount in damages.

Defendant McGowan removed the case to this court on January 20, 2010, on the basis of diversity jurisdiction. The Plaintiffs then sought to dismiss ALFA, stating that the case is within Defendant McGowan's insurance policy limits. ALFA joined in the removal. Finally, the Plaintiffs filed their Motion to Remand the case to state court on the basis that the amount in

controversy does not exceed $75,000, and that the Plaintiffs will not accept more than $75,000. The Plaintiffs do not contend that there is a lack of complete diversity of parties.

For reasons to be discussed, the Motion to Remand is due to be DENIED, and ALFA is due to be DISMISSED.

## II. REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

In this case, although ALFA is a citizen of Alabama, ALFA, the underinsured motorist carrier, is a nominal party whose citizenship does not destroy diversity.  *See Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989); *Toole v. Chupp*, 456 F. Supp. 2d 1218 (M.D. Ala. 2006) (Thompson, J.); and *Oliver v. Rodriquez*, No. 2:08cv81, 2008 WL 928328 (M.D. Ala. April 4, 2008) (Albritton, J.)

When an ad damnum clause includes a demand for a specific amount of damages which is less than the jurisdictional amount, the defendant is "required to prove to a legal certainty that plaintiff, if [he or] she prevailed, would not recover below [$75,000.00]*." Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994).  In other words, the defendant must show that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Id.* at 1096.  However, to sustain federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, the burden is on the defendant to prove by the preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996).

McGowan attached to her Notice of Removal evidence of a certificate of coverage, which reflects that her automobile insurance policy limits are $100,000.  *See* Exhibit C to Notice of Removal.  McGowan also attached a letter, dated January 15, 2010, in which the attorney for the Plaintiffs states that his clients will not accept anything less than policy limits.  *See* Exhibit D to Notice of Removal.  In addition, the Plaintiffs sued not only McGowan, whose policy limits exceed $75,000, but also their underinsured motorist carrier, ALFA.

3

The Plaintiffs represent, through their attorney, in their February 3, 2010 Motion to Remand, that the case does not exceed the jurisdictional limits.  Jurisdiction must be evaluated at the time the case was removed, however.  *See Leonard v. Enterprise Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002).   The evidence of the letter, evidence that McGowan's policy limits exceed $75,000, and the fact that the underinsured motorist carrier was also sued, all of which were present at the time of removal, establish that the jurisdictional amount existed at the time of removal.  *Cf. Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1334 (M.D. Ala. 2008) (Thompson, J.) (finding that initial settlement demand letter established the amount in controversy and second letter was a post-removal attempt to waive a certain amount of damages).   The Plaintiffs' post-removal dismissal of ALFA on the basis that McGowan's policy limits cover the damages claimed in this case, and representation that they do not seek more than $75, 000, do not divest the court of jurisdiction.  *See Leonard*, 279 F.3d at 972 (stating that if jurisdiction was proper at the time of removal, "subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction.").   Therefore, this court has diversity jurisdiction in the case.

## V.  CONCLUSION

For the reasons discussed, this court has diversity subject matter jurisdiction.  Therefore, it is hereby ORDERED as follows:

1.  The Plaintiffs' Motion to Dismiss ALFA Insurance Company (Doc. #6) is GRANTED and ALFA Insurance Company is DISMISSED with prejudice.

2.  The Plaintiffs' Motion to Remand (Doc. #10) is DENIED.

DONE this 8th day of April, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE